DAVE TAYLOR v. THE STATE.

No. 8683.  Delivered Jan. 14, 1925.

**Assault to Murder—New Trial—For Newly Discovered Evidence—Diligence.**

There is a reference in the motion for a new trial to the absence of W. G. Ellis, an eyewitness. No compliance with the law, to make the testimony of Ellis available, as newly discovered evidence is shown. The motion also adverts to some testimony which appellant's wife would have given, if present. However, the essential elements of diligence to make it available as newly discovered evidence is lacking.

Appeal from the District Court of Brazoria County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for an assault with intent to murder, penalty, two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant, using a pistol, shot and wounded Hubbard Williams. A few days before they had a difficulty, and on the present occasion.

Williams walked up to where the appellant was at work and was shot by him.  Williams testified that he approached the appellant and addressed him for the purpose of making friends with him.  According to the appellant, at the time of the previous difficulty, Williams said that he would "get" the appellant; that he had learned that Williams bore the reputation of a violent and dangerous man, and in the previous difficulty he attempted to cut the appellant with a knife.  When Williams came to where the appellant was at work, he, without saying anything, "made a quick move towards his pocket."  Appellant said: "And so I just shot him then."

There was evidence that the appellant bore a good reputation as a peaceable and law-abiding man.  State witnesses other than Williams testified that Williams spoke to the appellant; that without making any reply, the appellant caught Williams in the collar with one hand and shot him with the other.

The court submitted the issues of asault to murder and aggravated assault; also the law of threats and self-defense.  No complaint was made at the time of the trial as to the manner of the submission of these issues.  No bill of exceptions is found in the record complaining of any ruling of the court on the introduction of evidence or its exclusion.

There is a reference in the motion for new trial to the absence of W. C. Ellis, who, we gather from the record, was an eyewitness.  We fail to perceive any compliance with the law making the testimony of Ellis available as newly discovered evidence.  No sufficient reason is given for not ascertaining from Ellis his knowledge of the transaction antecedent to the trial.  Moreover, the purported testimony of Ellis is in the main cumulative.

The motion also adverts to some testimony which the appellant's wife would have given if present.  However, the essential elements of diligence to render it available as newly discovered evidence is lacking.

The evidence appears sufficient, and we fail to find any error in the record which warrants a reversal of the judgment.

It is therefore affirmed.

*Affirmed.*